UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 16-cr-20739

v.

                                    HON. MARK A. GOLDSMITH

VICTOR REYES,

        Defendant.

_____/

## OPINION AND ORDER REGARDING DEFENDANT'S COMPETENCY TO STAND TRIAL

The issue of Defendant's competency to stand trial is before the Court. A hearing was held at Defendant's nursing home on November 13, 2017, at which time Defendant was questioned by the Court. For the reasons that follow, the Court concludes that Defendant is not competent to stand trial.

## I. BACKGROUND

Defendant Victor Reyes is charged with sixteen counts of Unlawful Distribution of Controlled Substances, 21 U.S.C. § 841(a)(1), and one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. § 846. See First Superseding Indictment (Dkt. 30). The Government alleges that Dr. Reyes operated a solo practice which had "a fundamental purpose" of writing unnecessary prescriptions so that those prescriptions could be abused or sold on the illegal street market. Id. ¶¶ 2-3. Dr. Reyes primarily prescribed oxycodone, amphetamine salts, hydrocodone bitartrate/acetaminophen, and alprazolam, at a price of $300 per patient. Id. ¶¶ 4, 6. The Government alleges that Dr. Reyes wrote more than 10,000 prescriptions for controlled substances, totaling more than 700,000 unit dosages. Id. ¶ 9. Based on these

allegations, the Government charged Dr. Reyes with sixteen counts of Unlawful Distribution of Controlled Substances, claiming that he knowingly, intentionally, and unlawfully distributed controlled substances by writing prescriptions outside the scope of usual professional medical practice and for no legitimate medical purpose. Id. ¶ 10. Dr. Reyes is also charged with conspiracy to commit the same crimes. Id.

Because Dr. Reyes has been diagnosed with dementia, as well as several other conditions, the Government filed an unopposed motion requesting a competency exam, see Mot. for Comp. Hearing (Dkt. 21), which the Court granted, see Order Granting Comp. Hearing (Dkt. 23).

## II.    ANALYSIS

"It is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." Medina v. California, 505 U.S. 437, 439 (1992), citing Drope v. Missouri, 420 U.S. 162 (1975) and Pate v. Robinson, 383 U.S. 375 (1966). When considering whether a defendant is competent to stand trial, district courts consider two factors: whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and whether the defendant "has a rational as well as factual understanding of the proceedings against him." United States v. Murphy, 107 F.3d 1199, 1203 (6th Cir. 1997), quoting Dusky v. United States, 362 U.S. 402 (1960).

The Government argues that Dr. Reyes is competent to stand trial. At the November 13 hearing, the Government referenced the psychiatric examination by Dr. Craig Lemmen, memorialized in a report dated September 3, 2017. In his report, Dr. Lemmen opined that Dr. Reyes understood that he was being charged with writing too many prescriptions. 9/3/17 Eval. at 4. Dr. Reyes further understood that he was charged with writing those prescriptions in his home and in various restaurants, which is consistent with the Government's theory of the case. Id. The

report recites that Dr. Reyes defended his actions, which the Government argues shows that he understands the nature of these proceedings. Id. The report states that Dr. Reyes acknowledged that he faced jail time and that he understood his rights. Id. Regarding the ability to consult with an attorney, the report states that Dr. Reyes' remote memory is intact, and that his responses were responsive to questions asked. Id. at 3.

The defense argues that Dr. Reyes is not competent to stand trial. Referencing the same report, the defense noted Dr. Lemmen's view that Dr. Reyes' memory and concentration were very poor. Dr. Reyes reported that most of the time he is confused and just follows recommendations. 9/3/17 Eval. at 4. Dr. Lemmen noted that Dr. Reyes is having intermittent difficulties with disorientation, which are becoming more frequent, and that he is getting confused more often, causing him to say things that do not make sense. Id. at 5. For these reasons, Dr. Lemmen concluded that there "may be periods of time when Dr. Reyes is sufficiently disoriented that he would not be considered competent to stand trial." Id. The defense has also pointed out that medical personnel at the facility at which Dr. Reyes lives considers him to be incompetent to assist in his own treatment; medical decisions are made by family members.

Without objection, the Court asked Dr. Reyes some questions at the hearing. Dr. Reyes stated that he understood that a lawyer was representing him, and also recognized the role of a judge. The answers were not consistently lucid, however, as Dr. Reyes could not answer what his lawyer was representing him for, and he also claimed to not understand that he was facing criminal charges. Some questions had to be repeated several times and rephrased to obtain even feeble answers.

The Court concludes that Dr. Reyes is not competent to stand trial. Although Dr. Lemmen opined that Dr. Reyes understood the nature of the proceedings, the Court concludes otherwise.

His less than lucid answers at the hearing, his vacant look, and significant hesitation in answering relatively simple questions leave the Court with the definite conviction that he does not sufficiently understand the nature of these proceedings.

In addition, he appears to lack basic memory and communication skills. This fatally undermines his ability to defend himself, as he lacks "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." Murphy, 107 F.3d at 1203.

 Even if he were to have moments of competency during the trial, there is no way to determine when, and how often, he might temporarily attain the necessary mental state. Thus, the Government's suggestion that his condition could be accommodated by brief trial days and additional recesses is simply not feasible.

### III.    CONCLUSION

For the stated reasons, the Court concludes that Dr. Reyes is incompetent to stand trial. As indicated by the psychiatric evaluation and as conceded at the competency hearing by the Government, there is no treatment that would improve Dr. Reyes's mental state. Thus, dismissal seems to be the appropriate remedy at this time. If the Government believes some other disposition is appropriate, the Government shall file a memorandum within 14 days detailing such alternative disposition. If the Government files such a memorandum, the defense shall file a response within 14 days. If no memorandum if filed by the Government, the Court will enter an order of dismissal.

SO ORDERED.


Dated:  December 12, 2017                    s/Mark A. Goldsmith
Detroit, Michigan                                     MARK A. GOLDSMITH
                                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 12, 2017.

s/Karri Sandusky

Case Manager